IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DAVID CHILDRESS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:09CV48-HEH |
| ) | |
| CITY OF RICHMOND, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
(Granting Defendant's Motion for Judgment on the Pleadings)

THIS MATTER is before the Court on a Motion for Judgment on the Pleadings (Dk. No. 12), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed on April 1, 2009, by Defendant City of Richmond ("the City"). The parties have filed memoranda stating their respective positions, and the Court held a hearing on the Motion on May 14, 2009. For the reasons stated herein, the Court will grant the City's Motion.

I. **Background**

The Complaint alleges that Defendants violated Plaintiffs' First Amendment rights by suspending him from his duties with the Richmond Police Department for making constitutionally protected public comments. Plaintiff David Childress ("Officer Childress") is a police officer employed by the Richmond Police Department and the president of Plaintiff Richmond Coalition of Police, IUPA Local 5001, AFL-CIO. Sometime before January 9, 2007, Officer Childress gave an interview to a local

Richmond television reporter concerning the then-recent flooding of a Richmond neighborhood. During the interview, Officer Childress expressed concern that the standing water caused by the flooding posed potential health and safety hazards to the public and to police officers. Plaintiffs allege that the interview was given while Officer Childress was off-duty and not in his capacity as a Richmond police officer. Furthermore, Officer Childress was dressed in civilian clothing and represented himself as the acting president of the local police union.

On January 9, 2007, Officer Childress participated in a pre-disciplinary conference concerning the interview with Major Daniel Goodall of the Richmond Police Department. Plaintiffs allege that Major Goodall recommended that Officer Childress be disciplined for giving the interview because he did not provide the Richmond Police Department the opportunity to "censor or edit any potential factual comments." Also on January 9, 2007, Officer Childress was notified that the Richmond Police Department had decided to suspend him without pay and that the suspension would begin some time in the near future.

On January 10, 2007, Plaintiffs' counsel sent a letter to the Mayor of Richmond, the Chief of the Richmond Police Department, and the Richmond City Attorney, informing them that the First Amendment prohibited retaliation for speaking on matters of public concern and for engaging in union activity. The letter also urged the City to reconsider its imposition of the suspension. On January 26, 2007, Chief Rodney Monroe

presumably declined to reconsider Major Goodall's decision and formally suspended Officer Childress.

Plaintiffs filed their Complaint, pursuant to 42 U.S.C. § 1983, on January 26, 2009, alleging that Defendants violated their First Amendment rights by suspending Officer Childress. The City filed its Motion for Judgment on the Pleadings on April 1, 2009. The City asserts that Plaintiffs' claims are barred by the statute of limitations because Plaintiffs' cause of action accrued on January 9, 2007, when Officer Childress learned that he would be suspended. Therefore, the City maintains that Plaintiffs filed their Complaint after the two-year limitations period had expired.

## II. Standard of Review

When deciding a Rule 12(c) motion for judgment on the pleadings, the Court must apply the same standard that is applied when ruling on a motion to dismiss pursuant to Rule 12(b)(6). *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss under Rule 12(b)(6) or Rule 12(c), the Court must assume that the allegations in the non-moving party's pleadings are true and construe all facts in the light most favorable to the non-moving party. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party," indicate that the dispute "can . . . be decided as a matter of law." *O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000); *see also A.S. Abell Co. v. Baltimore*

3

*Typographical Union No. 12*, 338 F.2d 190, 192 (4th Cir. 1964) (discussing whether "it was proper to enter judgment as a matter of law" under Rule 12(c)).

### III. Analysis

Virginia's two-year statute of limitations governs Plaintiffs' claims under 42 U.S.C. § 1983. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991); *Nat'l Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1161–62 (4th Cir. 1991). Federal law, however, governs the determination of when a cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "Under federal case law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

The parties cite, and the Court could find, no cases squarely on point with the issue currently presented. However, the Court's research revealed two analogous cases that it finds instructive. In *Delaware State College v. Ricks*, 449 U.S. 250 (1980), the Supreme Court of the United States held that the statute of limitations governing the plaintiff's employment discrimination claim commenced on the date of the alleged unlawful employment practice, not at the time the resulting consequences occurred. *Ricks*, 449 U.S. at 258. In *Ricks*, the plaintiff, a black Liberian, was a professor at Delaware State College, who was denied tenure. *Id.* at 252. Adhering to its established policy, the college subsequently offered the plaintiff a one-year "terminal" contract on June 26, 1974. After the one-year contract expired, the college terminated the plaintiff. *Id.* at

4

253–54. The plaintiff filed suit pursuant to 42 U.S.C. § 1981 on September 9, 1977. *Id.* at 254.

The Court ruled that a court, in assessing whether a discrimination claim has been filed within the statute of limitations, must identify precisely the "unlawful employment practice" giving rise to the action. *Id.* at 257. The Court held that the only alleged discriminatory action occurred when the college decided to deny the plaintiff tenure and informed the plaintiff of its decision. *Id.* at 258. In holding that the plaintiff's claim was barred by the statute of limitations, the Court noted that "[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Id.* The Court further noted that the "proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful." *Id.*

Likewise, in *Martin v. Southwestern Virginia Gas Co.*, 135 F.3d 307 (4th Cir. 1998), the United States Court of Appeals for the Fourth Circuit ruled that a disabled plaintiff's employment discrimination claim accrued on the date that the alleged unlawful employment practice occurred. *Id.* at 310. In *Martin*, the plaintiff received a letter on June 30, 1992, informing him that he would be terminated on September 29, 1992. *Id.* at 309. On September 27, 1992, the plaintiff wrote his employer and requested "reasonable accommodation" for his disability. *Id.* The employer did not respond to the plaintiff's request and terminated him on September 29, 1992. *Id.* In deciding whether the Americans with Disabilities Act applied to the plaintiff's claim, the Fourth Circuit held

5

that the plaintiff's claim accrued on June 30, 1992, when he received notice that he would be terminated. *Id.* at 310. To support its holding, the Fourth Circuit reasoned that "'a separation at a time established by an earlier decision is *not* a fresh act of discrimination. Only the original decision to let the employee go is subject to analysis under the anti-discrimination laws.'" *Id.* (quoting *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 296 (7th Cir. 1995)).

The Court finds the reasoning in *Ricks* and *Martin* persuasive. In this case, Officer Childress received notice on January 9, 2007, that the Richmond Police Department "had decided to suspend him and that the suspension would be at some time in the near future and be without pay." Therefore, the alleged constitutional violation occurred on that date—when Officer Childress learned of the decision—not on January 26, 2007—when "the *consequences* of the [decision] became most painful."[1] *Ricks*, 449 U.S. at 440; *cf. Walston v. City of Port Neches*, 980 F. Supp. 872, 875 (E.D. Tex. 1997) (stating that the limitations period governing a wrongful termination claim commences when the employee "receives unequivocal notice of his termination"). As in *Ricks* and *Martin*, the delayed imposition of the Officer Childress's suspension did not act to prolong the life of Plaintiffs' cause of action.

---

[1] Arguably, the alleged constitutional violation occurred when Officer Childress was compelled to participate in the pre-disciplinary conference concerning his statements in the interview because the threat of discipline by a government employer for an employee's stated views or beliefs, in and of itself, chills the employee's right to free speech. The Court, however, need not decide whether the pre-disciplinary conference triggered the commencement of the limitations period because it is clear that Officer Childress's cause of action accrued when the Richmond Police Department informed him of its decision to suspend him on January 9, 2007.

6

Because Officer Childress received notice of his impending suspension on January 9, 2007, the two-year limitations period governing Plaintiffs' claims expired on January 9, 2009. Plaintiffs did not file their lawsuit until January 26, 2009. Therefore, Plaintiffs' claims are barred by the statute of limitations.

## IV. <u>Conclusion</u>

For the foregoing reasons, the Court will grant the City's Motion for Judgment on the Pleadings. In addition, because the statute of limitations also bars Plaintiffs' claims against the remaining Defendants, the Court will dismiss Plaintiff's Complaint with prejudice.

An appropriate Order will accompany this Memorandum Opinion.

                                            /s/
                                 Henry E. Hudson
                                 United States District Judge

Date: May 19, 2009
Richmond, VA